UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| MICHAEL WOOLFOLK, | : |
| Plaintiff, | : |
| | : |
| v. | : No. 2:17-cv-03513 |
| | : |
| MEIER, *CORRECTIONAL OFFICER*, | : |
| EDWARD D. MCFADDEN, *WARDEN*, | : |
| TERENCE FARRELL, *COMMISSIONER*, | : |
| KATHI COZZONE, *COMMISSIONER*, and | : |
| MICHELLE KICHLINE, *COMMISSIONER*, | : |
| Defendants. | : |

_____

**O P I N I O N**
**Defendants' Motion to Dismiss, ECF No. 12 – Denied in Part and Granted in Part**
**Plaintiff's Request for Appointment of Counsel, ECF No. 16 – Denied Without Prejudice**

**Joseph F. Leeson, Jr.**      **April 12, 2018**
**United States District Judge**

## I.    INTRODUCTION

Plaintiff Michael Woolfolk initiated this action pursuant to 42 U.S.C. § 1983 based on events beginning in or about November 2016, while he was detained at the Chester County Prison, West Chester, Pennsylvania.[1] Defendants have filed a Motion to Dismiss all claims against them based on insufficient allegations of a constitutional violation or of their personal involvement. For the reasons set forth herein, this Court dismisses all claims against Defendants McFadden, Farrell, Cozzone, and Kichline without prejudice due to insufficient allegations of their personal involvement. The First and Fourteenth Amendment claims against Defendant Correctional Officer Meier for allegedly removing Woolfolk from his prison job and worker's

---

[1]     Woolfolk is currently incarcerated at the State Correctional Institute in Coal Township, Pennsylvania.

cell are also dismissed without prejudice. The Motion to Dismiss Woolfolk's Eighth and Fourteenth Amendments against Meier for allegedly calling Woolfolk a "snitch" is denied. Woolfolk may, if he desires, file an amended complaint. Woolfolk's request for appointment of counsel is denied without prejudice.

## II. BACKGROUND

The Complaint alleges that Meier badgered Woolfolk for information about who had contraband (cigarettes) in their possession, and threatened to remove him from his job as a pod worker if he withheld information. Compl. ¶¶ 9-11, ECF No. 4. Woolfolk alleges that Meier told him, in front of other inmates, "You're known for being a snitch." *Id.* at ¶ 12. Woolfolk alleges that he responded to this statement by returning to his cell, but was called back to the officers' station and informed that he was being removed from his job and worker's cell. *Id.* at ¶ 14. Woolfolk alleges that he requested a grievance and complained about the events to a supervisor. *Id.* at ¶ 15. He alleges that although he was initially informed that an investigation was underway, no investigation was conducted. *Id.* at ¶ 16. Woolfolk alleges that because he was misled about the investigation, he never filed a grievance. *Id.* at ¶ 17. Woolfolk further alleges that from November 2016 through March 2017, he was harassed and threatened as a result of Meier telling other inmates that he was a snitch. *Id.* at ¶ 18. He alleges that the Chester County District Attorney contacted the prison to have Woolfolk separated for his safety, and that Defendants Warden McFadden and Commissioners Farrell, Cozzone, and Kichline were aware of his risk of harm but failed to remedy the wrong. *Id.* at ¶¶ 13, 28. Woolfolk alleges that he suffered emotional and mental distress as a result, and was prescribed medication. *Id.* at ¶¶ 19-20. The Complaint asserts a Fourteenth Amendment due process claim and an Eighth Amendment claim based on Meier allegedly calling Woolfolk a snitch. *Id.* at ¶¶ 24-25, 27-28.

The Complaint also pleads a First Amendment retaliation, and related Fourteenth Amendment, claim because Woolfolk was removed from his worker's cell. *Id.* at ¶¶ 26-28.

## III. STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. ANALYSIS

### A. Woolfolk failed to allege the personal involvement of Defendants McFadden, Farrell, Cozzone, and Kichline, and they are dismissed without prejudice.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). There are two theories of supervisory liability: (1) the defendant-supervisor participated in violating the plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in his subordinates' violations; and

3
041218

(2) the defendant, in his role as policymaker, acted with deliberate indifference in establishing and maintaining a policy, practice, or custom which directly caused the plaintiff's constitutional harm. *A.M. v. Luzerne County Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Under the first theory, "[a]lthough a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). When relying on policy or practice pursuant to the second theory of liability, the plaintiff must:

> (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

*Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001). Additionally, a "plaintiff must specifically identify the acts or omissions of the supervisors that show deliberate indifference, and suggest to the Court a relationship between the 'identified deficiency' of a policy or custom and the injury suffered." *Cain v. Nutter*, No. 16-1614, 2016 U.S. Dist. LEXIS 166071, at *7 (E.D. Pa. Nov. 30, 2016). "[P]roof of the mere existence of an unlawful policy or custom is not enough to maintain a § 1983 action." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

Here, Woolfolk did not include any allegations against Defendants McFadden, Farrell, Cozzone, or Kichline in the facts section of the Complaint, but waited until his legal claims to make conclusory allegations that these Defendants were aware of the risk of harm because the Chester County District Attorney contacted the prison to have Woolfolk separated for his safety and because he asked to be placed in protective custody. There are no allegations in the Complaint as to whom the Chester County District Attorney contacted at the prison. The

allegations are therefore insufficient to show that the warden or the commissioners had actual knowledge of the harms.[2] *See Rode*, 845 F.2d at 1207 (holding that to show personal involvement, allegations of participation or actual knowledge and acquiescence "must be made with appropriate particularity"); *Towns v. City of Phila.*, No. 16-3584, 2018 U.S. Dist. LEXIS 4805, at *6 (E.D. Pa. Jan. 10, 2018) (concluding that the plaintiff's "lone conclusory statement that the defendants knew of the violations and did nothing to remedy them is insufficient to state a claim against [the] Commissioner . . . and Warden").

Although the Complaint also fails to allege when Woolfolk asked to be placed in protective custody and when he was moved to another cell for safety reasons, there are additional factual allegations in Woolfolk's brief in opposition to the Motion to Dismiss, which this Court considers. To the extent that Woolfolk writes in his brief that he was moved to another housing unit before Meier called him a "snitch," *see* Brief Opp. Mot. 4-5, ECF No. 15, this allegation does not support a finding of actual knowledge by Defendants McFadden, Farrell, Cozzone, and Kichline of a risk of harm, but instead provides a basis for them to believe, if they had knowledge, that any concern the District Attorney had with Woolfolk's safety had been met. *See Hamilton v. Leavy*, 117 F.3d 742, 748 (3d Cir. 1997) ("If a prison official responds reasonably to a risk to an inmate's safety, he or she cannot be found to have acted with a sufficiently culpable state of mind."). To the extent that Woolfolk complains about not being placed into protective custody after being called a "snitch," he offers no factual allegations that would impute knowledge to Defendants McFadden, Farrell, Cozzone, and Kichline of Meier's alleged

---

[2] To the extent Woolfolk is relying on his conversation with Senior Officer Carter after the incident with Meier, this discussion is insufficient to impute knowledge to the Warden or the Commissioners. *See Sims v. Wexford Health Sources*, 635 F. App'x 16, 19-20 (3d Cir. 2015) (holding that "[i]f an official's only involvement is the investigation or adjudication of an inmate grievance after the event giving rise to the grievance has happened, that is not considered to be personal involvement").

statement. *See* Brief Opp. 6-7. There are also no allegations of a policy, practice, or custom. Therefore, Woolfolk fails to state a claim against Defendants McFadden, Farrell, Cozzone, and Kichline and they are dismissed without prejudice.

> **B. Woolfolk's allegations that Meier called him a "snitch" in front of other inmates, subjecting him to a substantial risk of harm, are sufficient to state an Eighth and Fourteenth Amendment claim against Meier.**

Defendants argue that Meier's alleged comment in front of other inmates that Woolfolk was a "snitch" is insufficient to state a constitutional claim. Mot. Dismiss 5, ECF No. 12-1. They rely on case law holding that verbal threats and taunts do not violate the Eighth Amendment. *Id.* at 6. They also assert that to the extent Woolfolk is attempting to claim that he is a known by prison staff as a confidential informant, he fails to state a viable right to informational privacy claim under the Fourteenth Amendment. *Id.* at 6-8.

Defendants are correct that "[v]erbal harassment of a prisoner, without more, does not violate the Eighth Amendment." *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012); *Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 35 (3d Cir. 2010). However, "[c]ourts in the Third Circuit have recognized that being labeled a 'snitch' may constitute an Eighth Amendment violation if the prison official acted with deliberate indifference to a substantial risk of serious harm to the inmate." *Williams v. Thomas*, No. 12-01323, 2013 U.S. Dist. LEXIS 60430, at *17 (E.D. Pa. Apr. 29, 2013). Accepting the allegations in the Complaint as true and viewing the facts in the light most favorable to Woolfolk, this Court finds that he has stated a claim under the Eighth Amendment against Meier. For these reasons, Woolfolk has also stated a due process claim under the Fourteenth Amendment based on these allegations. *See Shockley v. McCarty*, 677 F. Supp. 2d 741, 747 (D. Del. 2009) (concluding that where a prisoner has stated an Eighth Amendment claim for being called a "snitch" by prison officials, the allegations also support a

substantive due process claim under the Fourteenth Amendment (citing *Northington v. Jackson*, 973 F.2d 1518, 1525 n.4 (10th Cir. 1992))). The request to dismiss the Eighth Amendment claim and the Fourteenth Amendment claim, based on being called a "snitch," is denied as to Meier.

> **C. Woolfolk's First Amendment retaliation claim for being removed from his job and his worker's cell, and any corresponding Fourteenth Amendment claim, is dismissed without prejudice for failure to state a claim.**

In the Motion to Dismiss, Defendants assert that because there is no constitutional right to prison employment or housing in a particular cell, Woolfolk has failed to state either a First or Fourteenth Amendment claim for having been removed from his job and moved out of his worker's cell. Mot. Dismiss 8-9. Their request to dismiss these claims is granted.

A prisoner has "no constitutionally protected interest in his prison job." *Mestre v. Dombrowski*, 566 F. App'x 109, 110 (3d Cir. 2014). A prisoner also has no constitutional interest in being housed in any particular cell or prison. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983). "In the absence of a constitutionally protected interest, there is no right to federal due process and the constitutional analysis ends." *Mestre*, 566 F. App'x at 110. Woolfolk's Fourteenth Amendment claim arising from the retaliation allegations is therefore dismissed without prejudice. *See Molina v. Wenerowicz*, No. 12-5824, 2016 U.S. Dist. LEXIS 161629, at *16 (E.D. Pa. Nov. 21, 2016) (dismissing the prisoner's due process claim because confinement in the restrictive housing unit and the termination of his prison job did not deprive the prisoner of a protected interest).

As to the First Amendment claim, although a prisoner has no right to a prison job, "the termination of prison employment constitutes adverse action sufficient to deter the exercise of First Amendment rights, satisfying the second element of a retaliation claim." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). "To state a claim for retaliation, a prisoner must allege

that: (1) he was engaged in constitutionally protected conduct, (2) he suffered some adverse action at the hands of prison officials, and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take that action." *Id.* at 156 (internal quotations omitted). Although Woolfolk has established the second element of a retaliation claim, he has failed to allege sufficient facts to satisfy the first element.[3] Specifically, he does not allege that he was engaged in any protected activity *at the time of* the adverse action. According to the Complaint, Meier retaliated against Woolfolk for refusing to tell him which prisoners had contraband, but this is not protected activity. *See Jackson v. Dohman*, No. 11-6890, 2013 U.S. Dist. LEXIS 28208, at *8 (E.D. Pa. Feb. 28, 2013) (explaining that although a prisoner has a constitutional right not to affirmatively assist in a sting operation, a prisoner has no protected right to refuse to give information to officials in connection with an internal investigation). The First Amendment claim is dismissed without prejudice.

    **D.    Woolfolk is granted leave to amend.**

This Court is concerned that an amendment of either the First or Fourteenth Amendment claims based on Woolfolk's refusal to answer Meier's questions and his removal from his job and worker's cell will be futile. Nevertheless, in an abundance of caution and because the claims against Defendants McFadden, Farrell, Cozzone, and Kichline are being dismissed without prejudice, this Court affords Woolfolk one opportunity to amend his complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, a court should grant a plaintiff leave to amend a deficient complaint after a defendant moves to dismiss it).

---

[3]    Because Woolfolk does not satisfy the first element, this Court offers no opinion at this time regarding the third element.

Woolfolk is advised that any "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). It must be a new pleading which stands by itself without reference to the original complaint.[4] *Id.* The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 8(e)(1)).

Woolfolk is not required to file an amended complaint. If he does not file an amended complaint within the time allotted by the accompanying order, his case will proceed solely against Meier on the Eighth and Fourteenth Amendment claims for allegedly calling Woolfolk a "snitch." But, if he wishes to renew any of the claims or defendants dismissed by this Opinion, he must file an amended complaint that includes all claims.

**E.     Woolfolk's request for appointment of counsel is denied without prejudice.**

On September 15, 2017, this Court denied Woolfolk's Motion for Appointment of Counsel without prejudice. *See* ECF No. 11. After responding to the Motion to Dismiss, Woolfolk made a renewed motion to appoint counsel. ECF No. 16. For the reasons discussed in this Court's September Order, the renewed motion is denied without prejudice as Woolfolk continues to demonstrate an ability to present his case. But, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon motion of Woolfolk.

---

[4]     Although the Eighth and Fourteenth Amendment claims arising from Meier allegedly calling Woolfolk a "snitch" are not being dismissed, if an amended complaint is filed, these claims must also be included.

## V. CONCLUSION

Woolfolk has alleged sufficient facts to state a claim against Meier under the Eighth and Fourteenth Amendments for allegedly calling Woolfolk a "snitch." The Motion to Dismiss these claims is denied. However, Woolfolk has failed to state a claim against Meier under the First and Fourteenth Amendments for allegedly removing him from his prison job and worker's cell and these claims are dismissed without prejudice and with leave to amend. All claims against Defendants McFadden, Farrell, Cozzone, and Kichline are dismissed without prejudice and with leave to amend due to insufficient allegations of personal involvement. The Motion to Dismiss is therefore denied in part and granted in part. Woolfolk's motion for appointment of counsel is denied without prejudice.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge